By the Court.—Sedgwick, Ch. J.
The action was for damages for the breach by the defendant of his con *70 tract to pay certain moneys for shares of stock under four agreements in writing made by him. These had similar terms, and it is not necessary to describe more than one of them. On January 10, 1884, the defendant signed the instrument of the following tenor : “ For value received, the bearer may deliver me or call on me, on one day’s notice, exc'ept last day when notice is not required, five hundred shares of the Union Pacific Railroad Co., at sixty-seven per cent, if put, or at eighty-seven per cent, if called, at any time in six months from date.”
Before April 30, 1884, the plaintiff for value paid by him, became the holder and owner of the four agreements, and remained such during the time in controversy.
About June 20, 1884, having elected to deliver, the plaintiff in due time tendered to the defendant the shares named in the agreement, and demanded the sums of money agreed to be paid according to the terms of those " agreements. The defendant refused to receive the shares or pay the money. The action was brought to recover this money, less the proceeds of the shares, which were duly sold.' The difference, for which the plaintiff recovered judgment, was about the sum of $49,000.
One defence was, that before the time for which the contracts might run, at the option of the bearer of them, had ended, and on May 2, the bearer of the contracts, one Heath, had settled with the defendant the rights of the bearer, that is, had agreed with the defendant to ascertain and liquidate the amount due by defendant, at the sum of $4,762.50.
If Heath were the owner of the contracts, there is no reason to deny that the settlement made discharged the defendant from further liability. The facts would have been that the owner had made his election, the parties had waived a tender or delivery of the stock, had agreed that it should be deemed to have been tendered or delivered, and the defendant had promised to *71 pay a fixed sum, which promise the owner had received in satisfaction of his demand. The owner could not make another election or another tender.
The referee found, in accordance with the testimony, that Heath was not the owner, but that in fact the plaintiff was. Nevertheless, as the contract ran to bearer, Heath, although not owner, was, if he were the bearer within the meaning of the contract, competent to deal with the defendant so as to discharge the latter from the contract.
In my judgment the term “ bearer ” in the contract does not mean simply a person having the paper in his individual custody. It means .a person apparently exercising individual dominion of the paper as owner. This would be proved in most cases, by showing individual custody of the paper. If it contemporaneously appeared that he who had the paper procured it wrongfully from the owner, he would not be the bearer. The “ bearer ” in the legal sense, is as against the owner, supposed to have become possessed by transfer from the owner. In case there has been no transfer,* the party bound by the instrument ought not to suffer from the negligence of the owner, or his misfortune, after it has passed from his control to the apparent ownership of another.
But, in fact, the settlement referred to was not made in open market or under usual circumstances, so far as the defendant was concerned. It was made in his office under peculiar circumstances. He had stopped business, on account of losses, about April 30. He published in the newspapers a card that his books were very much confused; that he was unaware of the extent of the privileges which he had outstanding, having failed to keep a memorandum of them as they were issued; and that it would be a favor to him to present the same for registry, so that he might know the extent of his liabilities. In accordance Avith this request, the plaintiff handed the contracts to one Ransom, to be taken by him to defendant’s office to be registered. Ransom handed *72 them, to Heath, and Heath took them there and made the settlement as claimed.
Under such circumstances, the defendant having asked owners generally to present their contracts only for registry, as he called it, he was bound to those owners who acted on his request, not to turn a special agency by the owner to a third person, into a general transfer of ownership. Such a transaction as his cards called for, in the ordinary course of business, might competently be done through an employee without a transfer of ownership to the employee. The defendant was not justified in thinking that every one taking a contract to his office was a transferee of the chose in action. He was bound to consider that he might only be the representative of the true bearer, for the special purpose of registry. The consequence of the card and the plaintiff’s action upon it was, that the defendant was held to the risk of the person having in charge the contract not being the transferee of the contract.
For these reasons my opinion is that the settlement did not bind the plaintiff.
The other defences have been examined. Their validity depends upon proof of facts, as to which the referee has found, upon sufficient evidence, against the defendant.
The judgment should be affirmed with costs.
Freedman and Teuax, JJ., concurred.